## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BEVERLY LACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-cv-00701-RHH |
| | ) |
| CHARLES ODE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Beverly Lackey to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court finds plaintiff lacks sufficient funds to pay the filing fee, and will waive the filing fee. In addition, after initial review, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing the complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this civil action against her former landlords, Charles and Vickie Ode. Plaintiff rented the property at 2741 Arsenal Street, St. Louis, Missouri from defendants for approximately three years. During this time, she made several complaints to defendants regarding the condition of the property and reported the property to the St. Louis Division of Building and Inspection.

She alleges she was harassed and discriminated against based on her mental disability. Namely she states defendants discriminated against her emotional support dog and sought to charge her a $500 pet deposit. She also alleges she was harassed "due to hollering and demanding how and why I damaged the electric and other structural properties of the house."

This is not the first time plaintiff has filed this case. On January 20, 2022, plaintiff filed this same case—for harassment and discrimination—against defendants Mr. and Mrs. Ode in state court. *See Long v. Ode*, No. 2222-CC00090 (22nd Jud. Cir. Jan. 20, 2022). Defendants filed a

motion to dismiss stating plaintiff failed to allege any factual or legal basis for her allegations. On May 24, 2022, the state court granted defendants motion to dismiss. *Id.*

Meanwhile, while that case was pending, on March 2, 2022, defendant Vicki Ode filed a complaint in unlawful detainer against Plaintiff. *See Ode v. Long*, 2222-AC02045 (22nd Jud Cir. Mar. 2, 2022). Based on the attached documentation, plaintiff and defendants entered into a settlement agreement on June 14, 2022, which was approved by the Court in a consent judgment. *Id.* The agreement called for plaintiff to vacate the property on August 15, 2022. Plaintiff did not vacate the property, but filed a motion for a continuance, which was denied. On August 25, 2022, Vicki Ode applied for and obtained a writ of execution to evict plaintiff.

## Discussion

Plaintiff's case must be dismissed on initial review because this federal district court lacks subject matter jurisdiction to review Missouri state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Plaintiff's case for discrimination and harassment against her landlords has already been dismissed in Missouri state court. *See Long v. Ode*, No. 2222-CC00090 (22nd Jud. Cir. May 24, 2022).

Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case, Plaintiff's claims are inextricably intertwined

with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162.

For these reasons, plaintiff's complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief ay be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of  June, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE